**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                 Case No. 3:10-cr-227-J-34TEM

ALFREDO MARTINEZ RIQUENE

_____

**ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Count II of the Superseding Indictment and Memorandum of Law (Doc. No. 84; Motion). The Government filed its Response to Defendant's Motion to Dismiss Count II of the Superseding Indictment (Doc. No. 91; Response), and the matter is now ripe for resolution.

**BACKGROUND**

On January 13, 2011, a Grand Jury returned a superceding indictment, charging the defendant, Alfredo Martinez Riquene, with one count of engaging in a commercial sex act with a minor in violation of 18 U.S.C. § 1591, one count of producing child pornography in violation of 18 U.S.C. § 2251(a), one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and one count of making false statements to the FBI in violation of 18 U.S.C. § 1001.[1] See Superceding Indictment (Doc. No. 36; Indictment), at 1-3. While awaiting trial, on November 28, 2011, Riquene filed the present Motion under Rule 12(b)(2),

---

[1] On January 19, 2012, after the Court announced that it was denying the Motion, with a written order to enter, and upon oral motion by the government, the Court dismissed the first count from the Superseding Indictment. Additionally, with the agreement of the parties, on October 24, 2011, the Court severed the third count, the possession of child pornography charge, for purposes of the upcoming trial.

Federal Rules of Criminal Procedure (Rules).  In the Motion, Riquene seeks to dismiss the second count, which reads:

> Between on or about February 24, 2010, and on or about March 31, 2010, in Duval County, in the Middle District of Florida, Alfredo Martinez Riquene, the defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce a minor, that is A.B., to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce.  All in violation of Title 18, United States Code, Section 2251(a) and (e).

Indictment at 1-2.  Riquene argues that the criminal statute supporting Count 2, 18 U.S.C. § 2251(a), is unconstitutional on its face and as applied to this case, because it violates his First, Fifth, and Sixth Amendment rights.  See Motion at 1.  According to Riquene, 18 U.S.C. § 2251(a) is unconstitutional unless the offense – producing child pornography – requires the defendant to have knowledge of the victim's age; or, in the alternative, § 2251(a) is unconstitutional unless the defendant is allowed to present evidence that he was reasonably mistaken as to the age of the victim ("mistake-of-age defense").  Id. at 3.

The Court considers each of Riquene's arguments in turn. For the reasons discussed below, the Court will deny the Motion to Dismiss.

## DISCUSSION

### I. RULE 12(B)(2)

Rule 12(b)(2) provides that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  For the purpose of the Rule, the "general issue" is the question of whether the defendant is guilty of the charged offense.  United States v. Suescun, 237 F.3d 1284, 1286 (11th Cir. 2001).

A defense is thus "capable of determination" pretrial if "the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Covington, 395 U.S. 57, 60 (1969).

Relying on Rule 12(b)(2), Riquene asks the Court to consider two challenges to the charge against him in Count 2 of the Indictment - (1) a constitutional challenge to the underlying statute, 18 U.S.C. § 2251(a), on its face, and (2) a constitutional challenge to the underlying statute as applied in this case. Motion at 1. Riquene's constitutional challenges to § 2251(a) do not require any "trial of the facts surrounding the commission of the alleged offense," so they may be resolved on pretrial motion. Covington, 395 U.S. at 60; see, e.g., United States v. Heath, No. CR09-2003-LRR, 2009 WL 1228267, at *2 (D. Iowa May 1, 2009) (deciding a pretrial constitutional challenge to § 2251(a) because "the court need not make any factual findings."). The Court will discuss Riquene's facial challenge before turning to the as-applied challenge.

## II. FACIAL CHALLENGES TO § 2251(a)

### A. Knowledge-of-Age

Riquene contends that "knowledge of the age [of the victim] must be an element of the offense for 18 U.S.C. § 2251 to be facially constitutional." See Motion at 3. He acknowledges, however, that the text of 18 U.S.C. § 2251(a) (hereinafter "§ 2251(a)") does not make a defendant's knowledge of the victim's age ("knowledge-of-age") an element of the offense of producing child pornography, and that "most circuits" have not included knowledge-of-age as an element of the offense. Motion at 3-4. In this way, Riquene is

correct. Every Court of Appeals to have considered the issue has ruled that knowledge-of-age is not an element of a § 2251(a) violation. See United States v. Griffith, 284 F.3d 338, 349 (2d Cir. 2002); United States v. Malloy, 568 F.3d 166, 172, 178 (4th Cir. 2009) (recognizing the "voluminous case law supporting the proposition that 'knowingly' is not an element" of § 2251(a)); United States v. Crow, 164 F.3d 229, 236 (5th Cir. 1999); United States v. Humphrey, 608 F.3d 955, 962 (6th Cir. 2010); United States v. Johnson, 376 F.3d 689, 693 (7th Cir. 2004); United States v. Wilson, 565 F.3d 1059, 1064 n.2 (8th Cir. 2009); United States v. U.S. Dist. Ct., 858 F.2d 534, 538 (9th Cir. 1988); ("There is little doubt that knowledge of the minor's age is not necessary for conviction under Section 2251(a).") Moreover, the Supreme Court has opined, albeit in dicta, that Congress acted with deliberate intent when it omitted knowledge-of-age from the elements of § 2251(a). United States v. X-Citement Video, Inc., 513 U.S. 64, 76-77 (1994) (discussing the legislative history). In doing so, the Court suggested, Congress recognized that "producers are more conveniently able to ascertain the age of performers" and should therefore bear "the risk of error." Id. at 76 n.5.

While the Eleventh Circuit has not specifically considered the presence of a knowledge-of-age element in § 2251(a), it has rejected the contention that such proof is required to sustain a conviction under subsection (c) of that same statute.[2] United States v. Deverso, 518 F.3d 1250, 1257 (11th Cir. 2008). In doing so, the Eleventh Circuit relied on the Supreme Court's analysis of § 2251(a) in X-Citement Video as well as the construction

---

[2]Section 2251(c) is the international counterpart of § 2251(a) as it criminalizes the production of child pornography outside of the United States in somewhat more limited circumstances. See 18 U.S.C. § 2251(c)(1) and (c)(2).

-4-

of § 2251(a) by other Courts of Appeal. See Deverso, 518 F.3d at 1257 (citing X-Citement Video, Inc., 513 U.S. at 76; Griffith, 284 F.3d at 349; Johnson, 376 F.3d at 693; U.S. Dist. Ct., 858 F.2d at 538-41). Thus, even if Riquene's argument is not technically foreclosed by Deverso, given that the charged offense there was § 2251(c), this Court is of the view that the analysis in Deverso is equally applicable to § 2251(a). Indeed, finding no appellate authority supporting Riquene's contention, the Court finds it to be without merit. Thus, this Court concludes that proof that a defendant had actual knowledge of the victim's age is not required for conviction under § 2251(a). X-Citement Video, Inc., 513 U.S. at 76 n.5; U.S. Dist. Ct., 858 F.2d at 538. The Court next considers Riquene's contention that § 2251(a), without a knowledge-of-age element, is unconstitutional because it violates his First, Fifth, and Sixth Amendment rights.[3]

**B. First Amendment**

The Supreme Court has ruled that child pornography is not protected speech under the First Amendment. New York v. Ferber, 458 U.S. 747, 765 n.18 (1982). Nevertheless, Riquene contends that § 2251(a), by prohibiting the production of child pornography, is chilling and infringing his First Amendment right to produce adult pornography, which is protected speech. Motion at 4; see United States v. Williams, 553 U.S. 285, 288 (2008) (non-obscene, adult pornography is protected speech).[4] As such, Riquene contends that §

---

[3]Riquene's First, Fifth, and Sixth Amendment challenges are relatively undeveloped in the Motion. Nevertheless, in an abundance of caution, the Court has liberally construed his challenges and attempted to consider the conceivable basis supporting each.

[4]Riquene has not suggested how § 2251(a) chills or prohibits the production of adult pornography. See United States v. Fletcher, 634 F.3d 395, 404 (7th Cir. 2011) ("[The defendant] has presented no evidence that legitimate producers of pornography (which he was not) are deterred by the
(continued...)

2251(a) is unconstitutionally overbroad. Motion at 3-5. The Supreme Court has instructed that, when challenged as overbroad, "a statute is facially invalid if it prohibits a substantial amount of protected speech. " Williams, 553 U.S. at 292 (citing Virginia v. Hicks, 539 U.S. 113, 119-120 (2003)). The statute's overbreadth must be substantial "not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." Id. In this way, "[t]he [overbreadth] doctrine seeks to strike a balance between competing social costs." Id.

Congress has explained that the intent of § 2251(a) is to stop those who would, through visual depictions, sexually abuse and exploit children. See Child Protection Act of 1984, Pub. L. No. 98-292, §§ 2-3 (amending § 2251(a) to include the current language of "visual depiction" and finding that "thousands of children . . . are exploited in the production and distribution of pornographic materials"). Notably, the Supreme Court has recognized that the "protection of children from sexual abuse and exploitation is a particularly compelling interest." Johnson, 376 F.3d at 695-96 (citing Ferber, 458 U.S. at 757). Indeed, as one court noted, "[e]ven more than the passive viewer of child pornography, the creator of such material not only contributes to but is directly responsible for the exploitation of the child victim." United States v. Fletcher, 634 F.3d 395, 403 (7th Cir. 2011). Thus, the government has "greater leeway in the regulation of pornographic depictions of children." Ferber, 458 U.S. at 756.

---

⁴(...continued)
existence of strict liability statutes like § 2251(a)"). However, at least one court has recognized the possibility of such chilling effect. See U.S. Dist. Ct., 858 F.2d at 539 (The imposition of strict liability on a publisher for unprotected speech "would have an undoubted 'chilling' effect on" similar protected speech. (quoting Hustler Magazine v. Falwell, 485 U.S. 46, 52 (1988))). Resolution of an overbreadth challenge requires the Court to consider the "potential reach of a statute, conceivable sets of circumstances, and possible direct and indirect burdens on speech." American Booksellers v. Webb, 919 F.2d 1493, 1499 (11th Cir. 1990) (original emphasis).

In contrast to the government's significant compelling interest in protecting children from sexual exploitation and abuse,[5] the alleged chilling effect of § 2251(a) on producers of adult pornography appears to be minimal. Malloy, 568 F.3d at 174-76. Legitimate producers of adult pornography are already required to record the ages of performers in compliance with 18 U.S.C. § 2257. X-Citement Video, 513 U.S. at 76 n.5; Fletcher, 634 F.3d at 404. This requirement of age authentication guarantees that very little production of legitimate adult pornography will be chilled. Malloy, 568 F.3d at 175; see also Wilson, 565 F.3d at 1069 ("[G]iven the opportunity producers have to verify the age of the actors they employ, we do not think the risk of error or fraud in determining someone's age is significant enough to chill 'a substantial amount of protected speech....'"). As such, Riquene's overbreadth challenge to § 2251(a) fails, because the statute's impact on the production of adult pornography is not substantial compared to the government's significantly compelling interest in promulgating and enforcing § 2251(a). Malloy, 568 F.3d at 172 (concluding that § 2251(a) is not unconstitutionally overbroad because the chilling effect, if any, is not substantial).

Perhaps recognizing the weakness of his First Amendment overbreadth challenge, Riquene alternatively argues that, "[a]t a minimum, he must be permitted to present evidence of a mistake of age defense and instruct the jury accordingly, as an affirmative defense." Motion at 4. The Court disagrees. Most Circuit Courts of Appeals to have considered this issue, including the Eleventh Circuit Court of Appeals (albeit in the context of § 2251(c)), have concluded that a mistake-of-age defense is not required by the First Amendment. See

---

[5]In Ferber, the Supreme Court recognized this government objective to be of "surpassing importance." Ferber, 458 U.S. at 757.

Deverso, 518 F.3d at 1258 (11th Cir. 2008) ("[T]he Constitution does not mandate a mistake of age defense under § 2251.")[6]; Malloy, 568 F.3d at 176 (4th Cir. 2009); Fletcher, 634 F.3d at 403 (7th Cir. 2011) (concluding that "the First Amendment does not mandate a mistake-of-age defense to prosecutions under § 2251(a)"); Wilson, 565 F.3d at 1069 (8th Cir. 2009) (holding that "the First Amendment does not require a reasonable-mistake-of-age defense to charges of producing child pornography in violation of section 2251(a)"); Humphrey, 608 F.3d at 962 (6th Cir. 2010) ("First Amendment concerns, when balanced against the 'surpassing importance of the government's interest in safeguarding the physical and psychological wellbeing of children' do not oblige us to engraft a reasonable mistake-of-age defense onto § 2251(a)." (quoting Malloy, 568 F.3d at 175)). Indeed, as one court noted, "[r]ecognizing a mistake-of-age defense would clearly be at odds" with the compelling government objective of protecting children from sexual exploitation. Fletcher, 634 F.3d at 403. Thus, the court concluded, "Given the competing social factors on both sides, . . . § 2251 withstands constitutional scrutiny without a mistake-of-age defense." Id. at 404 (holding that "the scales tip in favor of providing the most protection possible for minors by requiring strict liability as to the age of the subject").

In support of his argument, Riquene relies on the Ninth Circuit case of U.S. Dist. Ct., 858 F.2d 534 (9th Cir. 1988). Motion at 4. This reliance is misplaced. Not only does U.S. Dist. Ct. predate the Supreme Court's discussion of §2251(a) as a strict liability offense in X-Citement Video, 513 U.S. at 76-77 (1994), the Eleventh Circuit rejected the Ninth Circuit's

---

[6]Once again, in construing § 2251(c), the Eleventh Circuit cited the analysis of a court specifically construing § 2251(a). Deverso, 518 F.3d at 1258 (citing Crow, 164 F.3d at 236).

analysis in U.S. Dist. Ct., see Deverso, 518 F.3d at 1257-58, and every other Circuit Court to consider the issue since U.S. Dist. Ct. has rejected the mistake-of-age defense in § 2251 cases. See Fletcher, 634 F.3d at 404-05 (noting that "every other circuit to have considered the issue" has disagreed with the Ninth Circuit's conclusion in U.S. Dist. Ct.); Humphrey, 608 F.3d at 957-61 (explaining that "the Ninth Circuit stands alone in its determination that the First Amendment requires a reasonable mistake-of-age defense under § 2251(a)"); Malloy, 568 F.3d at 173-74 (rejecting the defendant's reliance on the U.S. Dist. Ct. decision because the decision was rejected by the Eighth and Eleventh Circuits). In consideration of the Eleventh Circuit precedent, as well as the weight of authority holding that the First Amendment does not require permitting a mistake-of-age defense to a charge under § 2251(a), Riquene's First Amendment challenge fails.

### C. Fifth Amendment

Next, Riquene argues that the Fifth Amendment's Due Process Clause requires the government to prove beyond a reasonable doubt that he had the requisite mens rea regarding the victim's age. See Motion at 5-6. Riquene argues that, under the common law and the Constitution, the use of strict liability criminal offenses is "very limited" and "generally disfavored," and that a legislature can only remove mens rea from an offense when the conduct is inherently dangerous and the penalties are slight. Id. According to Riquene, Congress violated his due process right by removing the presumed element of mens rea from § 2251(a), even though the penalty for violating the statute is harsh. Id. This Court disagrees.

The Court acknowledges the general "presumptions that some form of scienter is to be implied in a criminal statute even if not expressed" and that this "scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct." See X-Citement Video, 513 U.S. at 69, 72. As discussed above, however, the Supreme Court expressed the view that Congress intended for § 2251(a) to apply without a scienter element regarding the victim's age. Id. at 76-77. The crucial question, then, is whether the offense under § 2251(a) warrants the common law presumption of mens rea such that Congress violated the Fifth Amendment by omitting it. The answer is no.

As the Supreme Court recognized in X-Citement Video, the common law presumption of mens rea did not attach to various sex offenses "in which the victim's actual age was determinative despite the defendant's reasonable belief that the girl had reached the age of consent." 513 U.S. at 72 n.2 (quoting Morissette v. United States, 342 U.S. 246, 251 n.8 (1952)); see also Malloy, 568 F.3d at 172. Section 2251 is such an offense because "the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age." X-Citement Video, 513 U.S. at 72 n.2; Malloy, 568 F.3d at 172; see also Fletcher, 634 F.3d at 403 ("[T]he producer of child pornography, like the statutory rapist who confronts his victim directly, may be expected to be accountable for ascertaining the victim's age."); Wilson, 565 F.3d at 1069 ("The analogy of producers to statutory rapists serves to overcome the background presumptions of mens rea and scienter."). As such, with regards to § 2251(a), Congress appears to have deliberately maintained the absence of a mens rea requirement from the offense of producing child pornography. X-Citement Video, 513 U.S. at 76-77. Thus, Riquene's argument that Congress violated "centuries of common

law" by excluding an element of mens rea from § 2251(a), see Motion at 6, ignores the longstanding common law exception for certain sex crimes like § 2251(a).[7] For that reason, Riquene's Fifth Amendment challenge to § 2251(a) based on lack of a mens rea requirement fails. See Crow, 164 F.3d at 236 (concluding that the defendant's "assertion that section 2251(a) is unconstitutional because it lacks a scienter requirement is meritless.").[8]

Additionally, the Fifth Amendment Due Process Clause does not require that Riquene be given an opportunity to present an affirmative defense based on mistake of age. See Deverso, 518 F.3d at 1258 ("[T]he Constitution does not mandate a mistake of age defense under § 2251."). After all, a criminal defendant does not have a due process right to present every particular defense he wants. Malloy, 568 F.3d at 177 ("[A] defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial."); Humphrey, 608 F.3d at 962 n.3 (same). Because the Constitution does not require an affirmative mistake-of-age defense, see supra Part I.B, the Court considers Riquene's intention to present a mistake-of-age defense to be an "evidentiary" issue. See United States v. McCloud, 590 F.3d 560, 568

---

[7] For the same reason, Riquene gains no support from the recent opinion in Shelton v. Secretary, Dept. of Corrections, 802 F. Supp. 2d 1289, 2011 WL 3236040 (M.D. Fla. 2011). The Shelton decision invalidated a Florida drug possession statute that expressly eliminated the element of mens rea from its previous version and made Florida the only state to criminalize the "'unknowing' possession of a controlled substance." Id. at *2. The Shelton court relied on the Supreme Court's decision in X-Citement Video for the "presumption that 'some form of scienter is to be implied in a criminal statute even if not expressed....'" Id. at *6 (quoting X-Citement Video, 513 U.S. at 69). But, as discussed above, X-Citement Video unequivocally affirmed that "the presumption expressly excepted 'sex offenses'" such as the production of child pornography under § 2251(a). X-Citement Video, 513 U.S. at 72 n.2.

[8] The fact that § 2251(a) does not include a scienter element regarding the victim's age does not mean the crime includes no scienter elements. For example, the government must prove beyond a reasonable doubt that the defendant had the necessary scienter to produce a visual depiction of sexual conduct. See Crow, 164 F.3d at 236 (explaining that § 2251(a) requires the scienter of intent that the victim engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct).

n.3 (8th Cir. 2009) (viewing "the argument of whether § 2251(a) permits a reasonable-mistake-of-age defense as an evidentiary one").

The basic rule for all evidence is that "evidence which is not relevant is not admissible." Fed. R. Evid. 402. Riquene's proposed mistake-of-age defense fails this rule, because evidence of his belief regarding the victim's age is "irrelevant under the statute [18 U.S.C. § 2251(a)], where it is the actual age of the victim that controls." Malloy, 568 F.3d at 172; see also Humphrey, 608 F.3d at 962 (affirming the district court's decision, under Rule 402 of the Federal Rules of Evidence, to exclude the defendant's mistake-of-age defense as not relevant to a determination of her actual age). Thus, evidence in support of a mistake-of-age defense "can be properly excluded by the court without infringing on the general right of a defendant to present a defense." Malloy, 568 F.3d at 177; see also Humphrey, 608 F.3d at 962; McCloud, 590 F.3d at 568 n.3 (denying the defendant's due process challenge and concluding "that the district court did not abuse its discretion in refusing to admit such [mistake-of-age] defense evidence."). "At the end of the day, so long as the Court does not interfere with [Riquene's] ability to produce evidence relevant to the actual age of the alleged victim, which is an element of the crime, the Court will have sufficiently safeguarded [Riquene's] First and Fifth Amendment rights." United States v. Humphrey, Crim. No. 08-3-JMH, 2008 WL 750367, at *1 (E.D. Ky. March 18, 2008) (emphasis in original), aff'd, 608 F.3d 955, 962 (6th Cir. 2010).

**D. Sixth Amendment**

Next, Riquene asserts that his Sixth Amendment right to a jury trial is being infringed if the jury is not required to find him guilty on all the elements of the crime, which, according

to Riquene, must include his knowledge of the victim's age. See Motion at 6 ("By simply defining 'knowledge of age' out of the crime, Congress effectively deprives Mr. Riquene of his Sixth Amendment right to have the elements (facts) of the offense charged and proven beyond a reasonable doubt to a jury."). The government responds by arguing that knowledge-of-age is not an element of § 2251(a), so there can be no violation of the defendant's Sixth Amendment right to a jury trial by the Court refusing "to submit non-elements and non-defenses to the jury." Response at 13. In other words, it contends that Riquene's Sixth Amendment right remains intact so long as the government proves to the jury all the legal elements of the offense. Id. at 13-14. The Court agrees.

Under the Fifth and Sixth Amendments, a criminal defendant is entitled to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510 (1995). The Court has concluded that knowledge-of-age is not an element of the crime under § 2251(a), and that Congress has not violated the Constitution by excluding knowledge-of-age from the elements of the crime. See supra Parts I.A-C. For these reasons, Riquene is not entitled to a jury determination that he had knowledge of the victim's age before being convicted of violating § 2251(a).

Finally, as part of his Sixth Amendment challenge to § 2251(a), Riquene submits that "without a 'knowing' element, the statute makes it more difficult and affirmatively misleads the jury from its inherent right to jury nullification." Motion at 7. Riquene cites no authority in support of this supposed right of the jury, and the Court finds sufficient authority that directly contradicts his jury nullification argument to reject it without further discussion. See

U.S. v. Funches, 135 F.3d 1405, 1408-09 (11th Cir. 1998) (explaining that "nullification is no right of the jury.") (emphasis in original). "Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence." Id. Riquene's concern here – the jury's added difficulty or confusion in potentially nullifying the law in his case – is no constitutional reason to change the elements of an offense or to admit irrelevant evidence. As such, Riquene has no Sixth Amendment right to insert a knowledge-of-age element into § 2251.

## III. AS-APPLIED CHALLENGE

Riquene's as-applied challenge to Count 2 appears to be based on the language of the Indictment. See Motion at 2-3.[9] Count 2 reads, in pertinent part, "the defendant herein,

---

[9] Riquene's as-applied challenge is less than a model of clarity. Most directly, he "submits that § 2251(a) is unconstitutional as applied to this case unless it permits him to raise 'mistake of age' as an affirmative defense." Motion at 3. This argument, however, is not tied to any case-specific discussion that would make Riquene's as-applied challenge different from his facial challenge regarding an affirmative mistake-of-age defense. See id. Because the Court has already rejected Riquene's mistake-of-age argument under the facial challenge, see supra Parts II.B-C, the Court finds no reason to rule differently under his as-applied challenge.

In the Motion, Riquene complains that the government charges that he "knowingly" violated § 2251(a) in the absence of any evidence that the "video was distributed (or even viewed)." Motion at 2. Riquene explains,

> Over the course of the investigation, law enforcement seized and searched a computer alleged to be connected to Mr. Riquene. A forensic search of the computer, according to the government, reveals what purports to be a digital recording of Mr. Riquene engaged in sex acts with the purported minor named in Count I. While there is no evidence this digital video was distributed (or even viewed), the United States, upon learning of this evidence, charged Mr. Riquene with knowingly violating 18 U.S.C. § 2251(a) in Count II of the Superseding Indictment.

Id. (emphasis in original). To the extent Riquene's as-applied challenge depends on facts and evidence
(continued...)

-14-

did knowingly employ, use, persuade, induce, entice, and coerce a minor, that is A.B., to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct." Indictment at 1-2 (emphasis added). Because the Indictment includes the word "knowingly" in Count 2 (even though the statute does not include the word "knowingly", see 18 U.S.C. § 2251(a)), Riquene insists that the government must prove nothing less than that he had actual knowledge of the victim's age. Motion at 3. Otherwise, according to Riquene, the government violates the Fifth Amendment's Grand Jury Clause by constructively amending the Indictment and proving less than the grand jury charged. Id.

The government responds by arguing that the word "knowingly" in the Indictment does not apply to the age of the victim; it instead modifies only the defendant's employment, use, persuasion, inducement, enticement or coercion "of another" (not necessarily a minor) to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Response at 5-6. As such, the government appears to argue that the word "knowingly" attaches to every word in the above quoted portion of Count 2 except the part

---

[9](...continued)
beyond those given in the Indictment, it must be denied prior to trial. See United States v. Salman, 378 F.3d 1266, 1267-68 (11th Cir. 2004) (per curiam) (overturning a district court's dismissal of an indictment because the court "looked beyond the face of the indictment"); U.S. v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) ("It is well-settled that 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.'" (quoting U.S. v. Torkington, 812 F.2d 1347, 1354 (11th Cir.1987))); see, e.g., United States v. Poulin, 588 F.Supp.2d 58, 61 (D. Me. 2008) (denying the as-applied motion to dismiss "since it relie[d] on facts not alleged in the Indictment and those facts constitutionally require resolution by a jury."); United States v. Miller, No. 1:06CR364, 2007 WL 188277, at *3 (N.D. Ohio Jan. 22, 2007) (denying the defendant's motion to dismiss because the as-applied challenge required resolution of evidentiary materials and therefore exceeded the scope of Fed. R. Crim. P. 12(b)(2)). Indeed, the Eleventh Circuit has specifically instructed, that "it is not for the trial court's to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance." Salman, 378 F.3d at 1269. "[T]here is currently no authority within the Federal Rules of Criminal Procedure for granting a motion to dismiss predicated on the insufficiency of the evidence, whether it be based in fact or law." Id. at n.5. As such, to the extent Riquene attempts to rest his as-applied challenge on the absence of evidence that the video was distributed or viewed, the Motion is due to be denied.

in the middle describing A.B. as "a minor." The Court need not address the government's construction requiring such parsing of the words of the Indictment. Regardless of the language of the Indictment, knowledge-of-age is not an element of the offense under § 2251(a). See supra Part II.A. Therefore, the word "knowingly" in Riquene's Indictment is surplusage to the charge in Count 2 as it relates to the age of the victim. See Deverso, 518 F.3d at 1258 n.2 ("[T]he Government's inclusion of the word 'knowingly' in the indictment was mere surplusage."); see also Malloy, 568 F.3d at 178 (calling the government's inclusion of the word 'knowingly' a "mere variance"). "Congress defines the elements of an offense, not the charging document." Deverso, 518 F.3d at 1258 n.2. As such, "surplusage in an indictment may be deleted without any legal error." Id.; United States v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1995).

While surplusage in an indictment may be deleted, such a remedy is not available when the defendant suffers prejudice by reasonably relying on the language of the indictment in formulating his defense. See Cancelliere, 69 F.3d at 1121; Deverso, 518 F.3d at 1258 n.2; Malloy, 568 F.3d at 172 ("For the variance to be fatal, [the defendant] must show that it prejudiced his defense."). In his Motion, Riquene asserts that he "intends to raise a 'mistake of age' defense." Motion at 3. This intention presumably stems at least in part from reliance on the word "knowingly" in the Indictment. There is a significant difference, however, between reliance on the Indictment's language in considering a defense before trial and reliance on the Indictment's language during trial, such that changing the language after trial becomes impermissible. Compare Cancelliere, 69 F.3d at 1121-22 (concluding that the district court impermissibly amended the indictment "after [the defendant] prepared and put

on a defense"), with Malloy, 568 F.3d at 178-79 (finding no impermissible amendment because the defendant "was made aware of the language of [§ 2251(a)] far in advance of trial" and "knew that no knowledge element was included").

In the present case, Riquene has had specific notice of the government's position that, "despite the language in the Indictment," knowledge-of-age is not an element of the § 2251(a) offense since at least November 21, 2011. See Motion at 2-3; Response at 3. Moreover, as a result of the Court's oral Order on January 19, 2012, Riquene is well aware of the Court's determination that § 2251(a) does not, in fact, include a knowledge-of-age element and that a mistake-of-age defense is not relevant to the charge, thus rendering the "knowingly" language in the Indictment to be surplusage. At this stage of the proceedings, there has been no prejudice to Riquene by the government's inclusion of the word "knowingly" in the Indictment. See Malloy, 568 F.3d at 179 ("There was no surprise, no hindrance in trial preparation, and no prejudice.") Indeed, Riquene has had sufficient time to prepare arguments for trial so as not to rely on any knowledge-of-age element or mistake-of-age defense.[10] Therefore, the Court concludes that the word "knowingly" is surplusage that may be deleted without violating the Fifth Amendment's Grand Jury Clause. For this reason, and to prevent any further confusion, the Court will strike the word "knowingly" from Count 2 of the Indictment.

---

[10]After being informed of the Court's decision in this matter, Riquene did not suggest that a continuance might be needed to adjust his trial strategy.

In consideration of the foregoing, it is hereby

**ORDERED**:

1. Riquene's Motion to Dismiss Count II of the Superseding Indictment and Memorandum of Law (Doc. No. 84) is **DENIED**.

2. The word "knowingly" is **STRICKEN** from Count II of the Superceding Indictment.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of January, 2012.

MARCIA MORALES HOWARD
United States District Judge

lc17

Copies to:

Counsel of Record